**SHEN GUANG HU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General, Respondent.**

No. 04–1344–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

David X. Feng, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Neil R. Gallagher, Assistant United States Attorney, Newark, New Jersey, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Shen Guang Hu, a citizen of the People's Republic of China, petitions for review of the BIA order dated February 23, 2004, denying his motion to reconsider its prior decision affirming the immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and the procedural history.

A petition for review of the denial of a motion to reconsider calls up for review only the merits of the denial of that motion, not the merits of the decision as to which reconsideration is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Hu's petition for review is timely only with respect to the BIA's order denying reconsideration. Accordingly, our review is confined to the merits of the denial of reconsideration.

A motion to reconsider must specify errors of fact or law in the prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1) (2005). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies ..., is devoid of any reasoning, or contains only summary or conclusory statements ...; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d at 93.

We find no abuse of discretion here. Hu's motion to reconsider merely restated the same arguments that he initially raised on appeal to the BIA, which the BIA had already addressed in detail and rejected. His motion did not show any error of fact or law in the BIA's prior decision, and thus

the BIA did not abuse its discretion in denying his motion.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

The stay of removal previously granted in this proceeding is vacated.